IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:10-CR-86** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **JESSE CROSBY**, | : | |
| | : | |
| Defendant | : | |

# **ORDER**

AND NOW, this 18th day of June, 2015, upon consideration of the letter (Doc. 49) filed *pro se* by defendant Jesse Crosby ("Crosby"), wherein Crosby asserts that a drug treatment specialist at Federal Correctional Institution Seagoville advised him that he is ineligible for a sentence reduction for completion of the Residential Drug Abuse Program ("RDAP") because his crime of conviction involved possession of a firearm, and wherein Crosby requests that the court "make the necessary changes to the official documents" transferred to the Federal Bureau of Prisons ("BOP") to reflect that Crosby's crime of conviction did not involve possession of a firearm, (see Doc. 49 at 1), and the court noting that Crosby cites no legal authority in support of his request for relief, (see id.), and fails to identify any error in the sentence imposed by the undersigned, (see id.), but the court finding that Crosby's request, however construed, is based on a misapprehension of the court's rulings during his change

of plea proceeding and at sentencing,[1] and is thus meritless, it is hereby ORDERED

that Crosby's request (Doc. 49) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Crosby asks the court to modify its "official documents," ostensibly the presentence report, to remove any reference to possession of a firearm. (Doc. 49 at 1). In support of this request, Crosby asserts that the court "made clear" during his change of plea proceeding that he was not responsible for possessing a firearm in connection with his drug offense. (Id.) Crosby misapprehends the court's rulings. During the change of plea proceeding, the court stated that Crosby did not need to *admit* to possessing a firearm for purposes of establishing the essential elements of his drug offense; the court did not find, as Crosby suggests, that Crosby did not as a matter of fact possess the firearm in connection with the drug offense. (See Change of Plea Hr'g Tr. 17:12-22:14, June 23, 2010). Similarly, at Crosby's sentencing, the court sustained a defense objection to the presentence report's denial of an offense level reduction for acceptance of responsibility, concluding that Crosby need not admit to possession of the firearm to demonstrate acceptance for the drug offense. (See Sentencing Hr'g Tr. 2:24-5:15, Dec. 15, 2010). The court otherwise adopted the presentence report in full, including the two-level enhancement for possession of a firearm. (Id.) Thus, nothing in the record supports Crosby's bare assertion that the court "made clear" that his offense did not involve a firearm.